Dear Mr. LaRocca:
On behalf of Hospital Service District Number 2 of the Parish of St. Mary, you have requested the opinion of this office regarding an "incentive salary adjustment policy" adopted by the District's Board of Commissioners in an effort to motivate and compensate its Chief Executive Officer. According to your letter, the Board of Commissioners annually reviews the Chief Executive Officer's performance during the previous year, pursuant to detailed written objective performance criteria, in order to determine the extent to which the CEO exceeded the goals and expectations of management and performed beyond the scope of ordinary duties. A copy of a sample performance evaluation is attached hereto. You have advised the undersigned that the items included in the evaluation are weighted and scored. Assuming the CEO has ". . . exceeded the goals and expectations of management and performed beyond the scope of ordinary duties . . .", she is paid a lump sum amount for the preceding year. Your letter states that the payment is made pursuant to an advance agreement with the CEO and is meant to be an incentive for the CEO, as opposed to a spontaneous, retroactive payment for previous service. You have also advised that the CEO has no expectation of receiving the payment if she does not exceed the Board's goals and perform beyond the scope of her duties.
Specifically, you are interested in determining whether the "incentive salary adjustment policy" is in accord with La. Const. Art. VII, Sec. 14, in light of Atty. Gen. Op. No. 90-128. Therein, this office opined:
 "[T]he Attorney General has recognized as constitutionally permissable incentive pay plans which promise additional but reasonable future
compensation for future performance by a public employee which is of a demonstrable public benefit . . . To meet constitutional muster, an incentive program such as you suggest must be formal, i.e., it must be adopted formally by the school board and must be completely stated in writing."
Art. VII, Sec. 14 provides, in pertinent part:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
This office has written a number of opinions pertaining to employee compensation in addition to Atty. Gen. Op. No. 90-128, and has consistently opined that the payment of gratuitous unearned payments to public employees are prohibited, as same are tantamount to donations. See: Atty. Gen. Ops. Nos. 92-295, 92-282, 89-190, 88-344, 86-639, 83-940A, 81-1329 and 80-806. We note that various attempts to disguise constitutionally prohibited extra compensation for past services rendered and recompensed in the listed opinions were found to be constitutionally infirm.
However, this office does not consider Art. VII, Sec. 14 to prohibit earned increases in compensation, or earned supplemental compensation, unless such supplemental compensation is specifically prohibited by law. In accord: Atty. Gen. Ops. No. 95-323, 95-165-A, 94-241. In our opinion, whether a payment of money is a donation or earned compensation is a factual determination. We find support for this position in State v.Davis, 539 So.2d 803 (La.App. 3rd Cir. 1989), Writ Denied. Therein, the Court held:
 "We are presented with a factual determination: were the two payments . . . which defendant paid to himself extra compensation for past services rendered . . . or . . . salaries for services rendered but for which no salary was drawn when the services were rendered?"
Essentially, in accordance with the above cited opinions and the Davis case, the test for determining the constitutionality of a particular payment to a public employee is whether the payment is made out of a motive of beneficence solely to enrich the employee or whether the payment is deserved and made as recompense for valuable service rendered, for which the employee was not adequately paid. Atty. Gen. Op. No. 95-323.
Upon review of the facts as you have presented them, it is the opinion of this office that the "incentive salary adjustment policy" which you have described cannot be construed as an attempt by the Hospital Service District to make a "donation" to its CEO.
Rather, payments made in accordance with the "incentive salary adjustment policy" appear, based upon your description, to be earned compensation. As such, the payments do not violate the provisions of La. Const. Art. VII, Sec. 14.
Please note that although you have provided us with a copy of the Board's resolution, dated July 23, 1996, pertaining to the salary adjustment policy, we have not relied upon the resolution as a complete or accurate description of how the "incentive salary adjustment policy" is implemented. Instead, we have relied upon your advice as to how the policy is implemented, as well as your advice that with your assistance the Board has, or will, amend the resolution to accurately reflect the manner in which the incentive salary adjustment policy works.
We trust the foregoing to be of assistance. With kindest regards, we are,
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv Attachment